**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOSEPH JANKOWSKI,

    Plaintiff,

        v.

FANELLI BROTHERS TRUCKING
COMPANY, EARL McCARDLE, GARY
POTTER, and DOMINICK FANELLI,

    Defendants.

CIVIL ACTION NO. 3:CV-13-2593

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion to Dismiss and for a More Definite Statement (Doc. 6) filed by Defendants Fanelli Brothers Trucking Company ("Fanelli Brothers"), Gary Potter ("Potter"), and Dominick Fanelli ("Fanelli") (collectively, "Moving Defendants"). Plaintiff Joseph Jankowski ("Jankowski") commenced this action against his former employer, Fanelli Brothers, and three Fanelli Brothers employees, Potter, Fanelli, and Earl McCardle ("McCardle"), for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. § 951 *et seq*., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.[1] Because Jankowski fails to adequately allege that he exhausted his administrative remedies against Defendants Potter and Fanelli, the PHRA claims against Potter and Fanelli will be dismissed without prejudice. Conversely, because Jankowski exhausted his administrative remedies against Defendant Fanelli Brothers, the motion to dismiss the PHRA claims against Fanelli Brothers will be denied. And, because the Complaint is not

---

[1]    In opposing the instant motion to dismiss, Jankowski indicated that he did not intend to assert claims under the ADA against Potter and Fanelli individually. (Doc. 14, 3.) Accordingly, the ADA claims against Potter and Fanelli will be dismissed without further discussion.

vague or ambiguous and Moving Defendants can reasonably prepare a response to the allegations contained therein, the motion for a more definite statement will be denied.

## I. Background

The facts as set forth in the Complaint are as follows:

Plaintiff Jankowsi was employed by Fanelli Brothers as a truck driver from December 10, 2010 until May 21, 2012. (*Compl.*, ¶ 10.)  Defendant McCardle was the President of Fanelli Brothers. (*Id*. at ¶ 4.)  Fanelli was employed by Fanelli Brothers, and he served as Jankowski's supervisor. (*Id*. at ¶ 5.)  Potter was employed by Fanelli Brothers as Safety and Recruiting Director. (*Id*. at ¶ 6.)

During his employment with Fanelli Brothers as a truck driver, Jankowski's job duties included assignments that required overnight runs. (*Id*. at ¶ 11.)  As a result, Jankowski would sleep overnight in his assigned truck. (*Id*. at ¶ 14.)  The truck was owned by Fanelli Brothers but assigned exclusively for Jankowski's use. (*Id*. at ¶ 12.)

On or about May 1, 2012, Jankowski was diagnosed with sleep apnea, which caused him to suffer difficulty sleeping, breathing, remaining awake, working, and concentrating. (*Id*. at ¶¶ 15-16.)  Jankowski was prescribed a Continuous Positive Airway Pressure ("CPAP") machine to be used during sleep to treat his condition. (*Id*. at ¶ 17.)

The CPAP machine required electrical power to operate. (*Id*. at ¶ 19.)  However, the truck assigned to Jankowski did not have working electrical power. (*Id*. at ¶ 20.)  The truck could have been fitted with an auxiliary power unit to produce electrical power for the CPAP machine for approximately $150.00. (*Id*. at ¶¶ 21, 29.)

On or about May 2, 2012, Jankowski informed Defendants Fanelli Brothers and Potter that he suffered from sleep apnea and that he had been prescribed a CPAP machine. (*Id*. at ¶ 22.)  That same day, he informed Defendants that he would need an auxiliary power unit in his assigned truck to power the CPAP machine. (*Id*. at ¶ 23.)  Once

the CPAP machine was delivered to Jankowski, he again informed Defendants that he needed an auxiliary power unit in his truck. (*Id*. at ¶ 25.)

Defendants refused to provide the auxiliary power unit. (*Id*. at ¶ 26.)  Instead, Defendant Fanelli informed Jankowski that he was responsible for purchasing his own auxiliary power unit. (*Id*. at ¶ 27.)

In or about March 2012, Jankowski informed Defendants that he was scheduled for hernia surgery in May 2012. (*Id*. at ¶ 35.)  He also informed Defendants that he would need time off after the surgery. (*Id*.)

On or about May 21, 2012, approximately one week before his scheduled hernia surgery, Fanelli terminated Jankowski's employment over the telephone. (*Id*. at ¶¶ 31, 37.)

Based on the foregoing, Jankowski commenced this action against Defendants Fanelli Brothers, Potter, Fanelli, and McCardle on October 18, 2013.  The Complaint asserts the following claims against all Defendants: Failure to Accommodate in Violation of the ADA (Count I); Failure to Accommodate in Violation of the PHRA (Count II); Unlawful Retaliation in Violation of the ADA (Count III); Unlawful Retaliation in Violation of the PHRA (Count IV); Unlawful Interference with FMLA Rights (Count V); and Unlawful Retaliation in Violation of the FMLA (Count VI).

On December 20, 2013, Defendants Fanelli Brothers, Potter, and Fanelli filed the instant motion to dismiss and for a more definite statement. (Doc. 6.)[2]  Moving Defendants' supporting brief was filed on January 2, 2014. (Doc. 9.)  Jankowski filed a timely brief in opposition to Moving Defendants' motion on January 22, 2014. (Doc. 14.)  On February 4, 2014, Moving Defendants filed a reply brief in further support of their motion. (Doc. 15.)

---

[2]     Defendant McCardle is no longer employed by Fanelli Brothers, and he did not join Moving Defendants' motion. (Doc. 14, n.4.) Jankowski has been granted an extension to effect service upon McCardle until June 16, 2014. (Doc. 18.)

And, after obtaining leave of Court, Jankowski filed a sur-reply brief in opposition to the motion to dismiss on February 14, 2014. (Doc. 21.)  The motion to dismiss and for a more definite statement is thus fully briefed and ripe for disposition.

## II. Discussion

### A.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).  The Court does not consider whether a plaintiff will ultimately prevail. *See id*.  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.  However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).  As such,

"[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d

Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

Here, Potter and Fanelli seek dismissal of Counts I-IV of the Complaint,[3] while Fanelli Brothers only seeks dismissal of Jankowski's PHRA claims, Counts II and IV of the Complaint.

### 1.     The PHRA Claims against Individual Defendants Potter and Fanelli

Defendants Potter and Fanelli seek dismissal of Jankowski's PHRA claims for failure to exhaust administrative remedies.  According to Potter and Fanelli, they were not parties to Jankowski's proceeding before the Equal Employment Opportunity Commission ("EEOC"), they were not named in the body of the administrative charge, and the Complaint in this action is devoid of factual allegations that they had notice of the charge. (Doc. 9, 13-15.)  As such, Potter and Fanelli argue that Counts II and IV of the Complaint should be dismissed.

In opposition, Jankowski acknowledges that the EEOC/Pennsylvania Human Relations Commission ("PHRC") charge did not name Potter and Fanelli as respondents. Nevertheless, Jankowski maintains that the exception to the named respondent rule applies in this case.   Jankowski further asserts that "all of the individual defendants were managerial level employees of Defendant Fanelli Brothers. . . . Defendant Fanelli held an ownership interest in Defendant Fanelli Brothers.  Defendant Potter was Fanelli Brothers' Safety Direct.  All of them acted on behalf of Fanelli Brothers with regard to Plaintiff's employment." (Doc. 14, 9-10.)

---

[3]     As noted, because Jankowski indicated that he "did not intend to assert Counts I and III against Defendants . . . Potter and Fanelli individually," (Doc. 14, 3), those claims will be summarily dismissed.

"Before filing suit under the PHRA, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination (also referred to as an administrative complaint) with the Pennsylvania Human Relations Commission ("PHRC") or EEOC." *Hills v. Borough of Colwyn*, - - - F. Supp. 2d - - -, 2013 WL 5655523, at *6 (E.D. Pa. Oct. 17, 2013) (citing *Kunwar v. Simco*, 135 F. Supp. 2d 649, 653 (E.D. Pa. 2001); 43 Pa. Stat. Ann. § 962). "The purpose of requiring an aggrieved party to resort first to the EEOC is twofold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation." *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1987) (citations omitted).

Typically, where a plaintiff fails to name a defendant in his or her administrative charge he or she is precluded from later bringing an action against that defendant in court. *See Schafer v. Bd. of Pub. Educ.*, 903 F.2d 243, 251 (3d Cir. 1990). However, the Third Circuit has set forth an exception to this rule. In *Glus*, the Third Circuit enumerated four factors relevant to determine whether a party not named in an administrative charge can nevertheless be named as a defendant in a subsequent civil action:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus*, 562 F.2d at 888. The *Glus* test was subsequently refined by the Third Circuit in *Schafer*, where the court held that a case against an unnamed party may proceed "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer*, 903 F.2d at 252; *accord Dixon v. Phila. Hous. Auth.,* 43 F. Supp. 2d 543, 546 (E.D. Pa. 1999) (the *Schafer* "articulation of the exception is a shorthand

version of the four-part test stated in *Glus*").

> Multiple district courts in the Eastern District of Pennsylvania have . . .
> considered the "notice" element of the *Schafer* exception, and concluded that
> when a plaintiff fails to name individual defendants in the body of the EEOC
> complaint, these defendants have not been put on notice that they could be
> sued in their *individual* capacities- even when they were aware of the
> complaint's existence.

*Hills*, - - - F. Supp. 2d - - -, 2013 WL 5655523, at *8 (emphasis in original) (citing *Graudins*

*v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 464 (E.D. Pa. 2013); *DuPont v. Slippery Rock*

*Univ. of Pennsylvania*, No. 11-1435, 2012 WL 94548, at *4 (W.D. Pa. Jan 11, 2012);

*Lightcap-Steele v. KidsPeace Hosp., Inc.*, No. 05-02578, 2006 WL 1147476, at *6 n.6 (E.D.

Pa. Apr. 27, 2006); *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 399

(E.D. Pa. 2002)).

In *McInerney*, the plaintiff filed a complaint naming her former employer, as well as

the former employer's chief executive officer/owner, two co-managers, and back-up

manager as defendants. *See McInerney*, 244 F. Supp. 2d at 396.  The plaintiff asserted a

number of causes of action in the complaint, including claims for violations of the ADA, the

FMLA, and the PHRA. *See id*. at 397.  With respect to the PHRA claims, the four individual

defendants moved for dismissal because they were not named as respondents in the

administrative complaint. *See id*. at 398.  But, because the two co-managers and the back-

up manager were named in the body of the administrative complaint, the motion to dismiss

the PHRA claims against those individual defendants was denied.   As to the executive

officer/owner, the district court noted that "[a]s the owner of MLH and Hardware, Defendant

Moyer certainly had notice that his company was under investigation for discriminatory

conduct.  As such, he surely recognized that he may be subject to suit in his official capacity

as owner of the business." *Id.* at 399.  However, the administrative complaint was devoid

of allegations that the plaintiff sought to charge the executive officer/owner in his individual

capacity. *See id*.  Thus, unlike the two co-managers and the back-up manager, the

executive officer/owner was "not named anywhere in the administrative complaints, and there [were] no allegations therein that his personal conduct contravened the law." *Id*. Therefore, the PHRA claims against the executive officer/owner were dismissed with prejudice. *See id*.

Likewise, in *Graudins*, the plaintiff filed a complaint against her former employer, a health club, and the health club's owner, a supervisor, and a salesman. *See Graudins*, 921 F. Supp. 2d at 460. The complaint alleged violations of Title VII as well as a variety of state law causes of action, including claims for violations of the PHRA. *See id*. at 460. The three individual defendants moved for summary judgment on the PHRA claims arguing that the plaintiff failed to exhaust her administrative remedies. *See id*. at 463. The district court granted summary judgment as to the supervisor and the salesman because they were not named or described anywhere in the administrative complaint and did not have notice of the plaintiff's claims. *See id*. at 464. In addressing the issue of exhaustion with respect to the health club's owner, the court noted it was a "closer question" because "he owned [the health club] at the time of the incidents in question and thus arguably shared a commonality of interest" with the health club. *Id*. Neverthless, "[the owner] was not named in the administrative complaint, and, based on a fair reading of the administrative complaint, none of the allegations in it provided him with 'notice that he would be subject to suit in his individual capacity.'" *Id*. (quoting *McInerney*, 244 F. Supp. 2d at 399). Accordingly, the district court concluded that the plaintiff failed to exhaust her administrative remedies with respect to the PHRA claim against the owner. *See id*.

Furthermore, in *Lightcap-Steele*, the plaintiff filed a complaint against her former employer and four of its employees. *See Lightcap-Steele*, 2006 WL 1147476, at *1. The ten count amended complaint included claims under the PHRA. *See id*. One of the individual defendants, the employer's human resources manager, moved to dismiss the

PHRA claims against her because she was not named in the EEOC charge of discrimination and there were no allegations before the EEOC that her conduct contravened the law. *See Lightcap-Steele*, 2006 WL 1147476, at \*6.   In opposition to the motion to dismiss, the plaintiff argued that because she had conversations with the manager about her disability, the manager was on notice that she could be subject to suit in her individual capacity. *See id*.   The district court rejected this argument, noting that those "communications alone [did] nothing to put [the manager] on notice of a potential suit against her in her individual capacity." *Id*. at \*7.   As such, the plaintiff failed to exhaust her administrative remedies in regard to her PHRA claims against the manager. *See id*. at \*8.

The United States District Court for the Eastern District of Pennsylvania also addressed the *Schafer/Glus* exception in *Kunwar v. SIMCO*, 135 F. Supp. 2d 649 (E.D. Pa. 2001), *Davies v. Polyscience, Inc.*, 126 F. Supp. 2d 391 (E.D. Pa. 2001), and *Lowenstein v. Catholic Health East*, 820 F. Supp. 2d 639, 642 (E.D. Pa. 2011).   In *Kunwar*, the plaintiff filed an action against her employer, SIMCO, and five SIMCO employees for violations of Title VII and the PHRA. *See Kunwar*, 135 F. Supp. 2d at 651.   The individual defendants moved to dismiss the complaint on the basis that the plaintiff failed to exhaust her administrative remedies. *See id*. at 653-54.   Because the plaintiff had filed two charges of discrimination with the EEOC which, while only naming SIMCO in the caption, specifically referred to four of the five individual defendants, the district court concluded that those four defendants were sufficiently on notice of the plaintiff's claims. *See id*. at 654.   However, as to the other individual defendant, Jeffrey Serrone, the plaintiff failed to make any mention of him in either of the two administrative charges. *See id*.   The plaintiff attempted to explain this omission by arguing that because Serrone supervised two of the other defendants, he should have anticipated being named as a defendant. *See id*.   In rejecting the plaintiff's argument, the district court stated: "[t]here is nothing inherent to a supervisor's role that

would automatically implicate him in an employee's discrimination claims against co-workers, other supervisors, or the company at-large.  Plaintiff's omission of Serrone is particularly glaring in view that she named not only several co-workers in her charge, but two different supervisors . . . as well. " *Id*.  Accordingly, the claims against Serrone were dismissed for failure to exhaust. *See id*.

Similarly, in *Davies*, 126 F. Supp. 2d at 391-92, the plaintiff filed an employment discrimination action against his former employer and the former employer's vice-president. The individual defendant sought dismissal of the plaintiff's PHRA claim for failure to exhaust administrative remedies. *See id*. at 393.  Upon review of the EEOC right to sue letter and the charge of discrimination, the district court emphasized that the individual defendant was not named anywhere in either document. *See id*.  Accordingly, the court concluded that there was "no basis whatsoever for concluding that [the individual defendant] had notice of the claims against him or the opportunity to conciliate prior to commencement of this action." *Id*. at 393-94.  Thus, the individual defendant's motion to dismiss the PHRA claim was granted. *See id*. at 394.

Conversely, in *Lowenstein*, 820 F. Supp. 2d at 642, 646, the EEOC charge filed by the plaintiff did not mention the individual defendant, a benefits manager, by name. Nonetheless, the district court concluded that the *Schafer* and *Glus* factors favored allowing the plaintiff to proceed with her claim. *Id*. at 646.  According to the *Lowenstein* court, both *Schafer* factors favored the plaintiff because the employer and the benefits manager "shared a common interest in defending against plaintiff's allegations," and "there [was] a factual question as to whether [the benefits manager] received notice of the EEOC investigation, although she may have, since she had an important role in the events at issue." *Id*.  As to the *Glus* factors, the district court concluded that most of the factors favored the plaintiff, including similarity of interests and prejudice. *See id*.  Thus, although

the plaintiff had knowledge that the benefits manager played an important role in the relevant events, since most of the *Glus* and *Schafer* factors weighed in the plaintiff's favor, the district court determined that the plaintiff exhausted her administrative remedies. *See id*; *accord Diep v. Southwark Metal Mfg. Co.*, No. 00-6136, 2001 WL 283146, at *4 (E.D. Pa. Mar. 19, 2011) ("There is evidence that Frederick D. Tweed was on notice of the filing of the administrative complaint and the charges therein; according to the sign-in sheet for the fact-finding conference conducted by the Philadelphia Commission on Human Relations, Tweed attended and participated in the conference. . . . Furthermore, as the human resources manager for Southwark, Tweed had a commonality of interest with Southwark with respect to plaintiff's termination. Therefore, I conclude that plaintiff properly exhausted her administrative remedies with respect to Frederick D. Tweed.").

Here, Jankowski acknowledges that Potter and Fanelli were not named in either the caption or the body of the Charge of Discrimination filed with the EEOC.[4]  Jankowski, nonetheless, argues that he should be permitted to pursue his claims against Potter and Fanelli because they "received notice [of the claims against them] and . .. there is a shared commonality of interest with [Fanelli Brothers]." *Schafer*, 903 F.2d at 252.

Based on the allegations in the Complaint, and in view of the averments in the Charge of Discrimination filed with the EEOC, Jankowski fails to satisfy the exception articulated in *Schafer*.  As noted, Potter and Fanelli were not named in the caption of the

---

[4]     A copy of the Charge of Discrimination filed by Jankowski with the EEOC was not attached to the Complaint.  Rather, Moving Defendants, provided a copy of the Charge as an exhibit in support of its motion to dismiss. (Doc. 8.)  "The court may consider the EEOC charge at the motion to dismiss phase because it is 'an undisputedly authentic document' which form the basis of Plaintiff's claims." *Gamble v. Cnty. of Erie*, No. 12-150, 2013 WL 5231470, at *3 n.3 (W.D. Pa. Sept. 16, 2013) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)); *see also Price v. Schwan's Home Serv., Inc.*, No. 05-220, 2006 WL 897721, at *3 (W.D. Pa. Apr. 3, 2006).

Charge of Discrimination, nor were they described as taking any action in the body of the Charge. (Doc. 8.)  As such, a fair reading of the Charge failed to provide Potter or Fanelli with notice that they would be subject to suit. *See, e.g., Graudins*, 921 F. Supp. 2d at 464 (citing *McInerney*, 244 F. Supp. 2d at 399).  Being employed by Fanelli Brothers, the named respondent to the Charge of Discrimination, does not by itself establish that Potter and Fanelli had notice that they were personally subject to suit for their alleged discriminatory conduct. *See, e.g., Graudins*, 921 F. Supp. 2d at 464; *McInerney*, 244 F. Supp 2d at 399; *Kunwar*, 135 F. Supp. 2d at 654.  Indeed, as stated in *Kunwar*, "[t]here is nothing inherent to a supervisor's role that would automatically implicate him in an employee's discrimination claims against co-workers, other supervisors, or the company at-large." *Kunwar*, 135 F. Supp. 2d at 654.  Moreover, there are no other allegations in the Complaint that Potter and/or Fanelli despite not being named in either the caption or the body of the Charge of Discrimination nevertheless had notice that they were subject to suit by Jankowski.  As such, Jankowski fails to satisfy the *Schafer* exception's notice requirement.

Jankowski also fails to satisfy the exception under the *Glus* factors.  At the time he filed the Charge of Discrimination with the EEOC, Jankowski was aware of Potter and Fanelli's role in the alleged violation of his rights.  Moreover, there are no allegations in the Complaint that Potter and Fanelli represented to Jankowski that the parties' relationship was to be through Fanelli Brothers.  However, it is unclear at this stage of the litigation whether Potter and Fanelli were prejudiced because they were not included in the EEOC proceeding.  It is also unclear whether Potter and Fanelli's interests were so similar to Fanelli Brothers that for the purpose of obtaining voluntary conciliation and compliance it was unnecessary to name them in the administrative action. *Cf. Lowenstein*, 820 F. Supp. 2d at 646, *with Ivy v. Verizon Pennsylvania, Inc.*, No. 10-1641, 2011 WL 1637939, at *3 (W.D. Pa. Apr. 29, 2011) (interest in obtaining voluntary conciliation of a large corporation

13

and the plaintiff's supervisor were not so similar that it was unnecessary to include the supervisor in the administrative process).  Accordingly, based on the allegations in the Complaint, the balance of the *Glus* factors weigh against finding that Jankowski exhausted his administrative remedies under the PHRA with respect to his claims against Potter and Fanelli.

Although the allegations in the Complaint filed in the instant action when considered in connection with the Charge of Discrimination fail to satisfy the exception set forth in *Schafer* and *Glus*, he will be given leave to amend his PHRA claims against Individual Defendants.  In Jankowski's brief in opposition to the motion to dismiss, he contends that Individual Defendants "had actual knowledge of Plaintiff's pending legal action even before the EEOC/PHRC action was filed." (Doc. 14, 10.)  This allegation is not set forth in the Complaint, and the facts relied on by Jankowski in support of this allegation are likewise absent from the Complaint.  Because courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rule[ ] . . . 12(b)(6)," the additional allegations presented by Jankowski in his briefs have not been considered in resolving the instant motion to dismiss. *Accord Pennsylvania ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Nonetheless, because these allegations may be sufficient to satisfy the exception under *Schafer* and *Glus* so as to allow Jankowski to proceed with his PHRA claims against Individual Defendants, he will be granted twenty-one (21) days to file an amended complaint.[5]

---

[5]   In granting leave to amend, I make no finding on the adequacy of such factual averments.  If the sufficiency of these allegations is later disputed, I will address the issue at that time.

### 2.     The PHRA Claims against Fanelli Brothers

Fanelli Brothers also seeks dismissal of the PHRA claims.  According to Fanelli Brothers, Jankowski "has not presented any evidence that the EEOC ever transmitted the charge to the PHRC for filing." (Doc. 9, 16.)  Fanelli Brothers also suggests that Jankowski failed to satisfy the right to sue requirements of the PHRA prior to commencing the instant litigation. (*Id*. at 18.)

The PHRA requires a plaintiff to file a charge with the PHRC within 180 days of the alleged discriminatory conduct. 43 P.S. § 959(h); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997).  Whether a plaintiff has satisfied the PHRA by filing an administrative complaint with the PHRC is a state law issue. *Woodson*, 109 F.3d at 926-27.

"Under Pennsylvania law, a charge of discrimination that has been forwarded by the EEOC to the PHRC pursuant to the Worksharing Agreement may be sufficient to satisfy the filing requirements of the PHRA." *Seybert v. Int'l Grp., Inc.*, No. 07-3333, 2009 WL 722291, at *14 (E.D. Pa. Mar. 17, 2009) (citing *Lanz v. Hosp. of the Univ. of Pa.*, No. 96–2671, 1996 WL 442795 (E.D. Pa. July 30, 1996)).  However, evidence of "the worksharing agreement alone cannot serve to show that [the plaintiff] invoked the Pennsylvania state administrative remedy as required by the PHRA." *Woodson*, 109 F.3d at 927.  "Consequently, a claimant cannot rely on the work-share agreement alone to show that the PHRC received his or her claim, but rather, must show a request to dual file with the PHRC within the 180 day mandatory filing period." *Hatten v. Bay Valley Foods*, LLC, No. 11-1122, 2012 WL 1328287, at *3 (W.D. Pa. Apr. 17, 2012) (citations omitted).  As stated in *Seybert*:

> [F]iling a charge of discrimination with the EEOC within the 180 mandatory filing period, together with a request that the EEOC dual-file it with the PHRC, is sufficient to preserve claims under the PHRA. . . . [N]othing in the PHRA requires a claimant who had already filed at the EEOC to personally file a second formal complaint with the PHRC. Yet, if this Court were to follow the path urged by [the defendant], that is exactly what a claimant would have to do, to ensure that her complaint was timely received by the PHRC. In effect, every discrimination claimant would have to file a charge of discrimination with both the EEOC and the PHRC, to ensure that it was received by both agencies

by the 180 day deadline.  The claimant would have to assume the entire risk of transmission delays between the EEOC and the PHRC, and the cross-filing procedure contemplated by the Worksharing Agreement would thus be rendered meaningless to the claimant.  This cannot be what the legislature intended.

*Seybert*, 2009 WL 722291, at \*17; *see also Zielinski v. Whitehall Manor, Inc.*, 899 F. Supp. 2d 344, 353 (E.D. Pa. 2012) (citing *Seybert* and noting that "requiring claimants to file their charge with both agencies, or to place the risk on claimants of the EEOC not transmitting the charge to the PHRC before the 180-day deadline, renders the cross-filing aspect of the work-sharing agreement meaningless.")

Here, Jankowski filed his Charge of Discrimination with the EEOC on September 26, 2012, well within the 180 day mandatory filing period from his allegedly discriminatory termination on May 21, 2012. (Doc. 8.)  The Charge also provides that "Mr. Jankowski requests that this Complaint be dual-filed with the Pennsylvania Human Relations Commission." (*Id*. at ¶ 25.)  Consistent with *Seybert* and *Zielinski*, Jankowski properly filed his administrative action with both the EEOC and the PHRC.  Moreover, to the extent that Fanelli Brothers suggest that the PHRA's right to sue requirement has not been satisfied in this case, the Third Circuit has stated: "notice of the right to sue is not required in order to bring the PHRA action.  Instead, after one year has elapsed, a complainant may bring a court action regardless of whether or not he has received a letter from the PHRC." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001) (citation omitted).  The instant action was commenced on October 18, 2013, more than one year after the filing of the Charge of Discrimination. Accordingly, Jankowski properly filed his administrative action with both the EEOC and the PHRC. And, because Jankowski exhausted his administrative remedies with respect to his PHRA claims against Defendant Fanelli Brothers, Fanelli Brothers' motion to dismiss Counts II and IV of the Complaint will be denied.

16

**B.      Motion for a More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

"Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored.'" *Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 370-71 (E.D. Pa. 2011) (quoting *Hughes v. Smith*, No. 03-5035, 2005 WL 435226, *4 (E.D. Pa. Feb. 24, 2005)).  As such, few pleadings are proper subjects for a motion under Rule 12(e).  *Pozarlik v. Camelback Assoc., Inc.*, No. 11-CV-1349, 2012 WL 760582, at *2 (M.D. Pa. Mar. 8, 2012).  "[Rule] 12(e) motions will be granted only 'if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading.'" *Country Classics*, 780 F. Supp. 2d at 371 (quoting *S.E.C. v. Saltzman*, 127 F. Supp. 2d 660, 667 (E.D. Pa. 2000)).

Moving Defendants' motion for a more definite statement will be denied.  The Complaint contains sufficient factual allegations detailing the purported violations of the ADA, the PHRA, and the FMLA.  Indeed, the Complaint details the factual bases of Jankowski's claims of retaliation and refusal to accommodate under the ADA and the PHRA, as well as his claims for interference and retaliation in violation of the FMLA.  As these allegations are not so vague or ambiguous that Moving Defendants are unable to formulate a reasonable response to the Complaint, the request for a more definite statement will be denied.

## III. Conclusion

For the above stated reasons, Moving Defendants' motion to dismiss will be granted in part and denied in part. The motion to dismiss the claims in Counts I, II, III, and IV of the

Complaint against Defendants Gary Potter and Dominick Fanelli will be granted.  The ADA claims against Potter and Fanelli (Counts I and III) will be dismissed with prejudice, while the PHRA claims against Potter and Fanelli (Counts II and IV) will be dismissed without prejudice to Jankowski filing an amended complaint within twenty-one (21) days from the date of entry of the accompanying Order.  The motion to dismiss will be denied in all other respects.  Furthermore, the motion for a more definite statement will be denied.

An appropriate order follows.


February 24, 2014        /s/ A. Richard Caputo
Date              A. Richard Caputo
               United States District Judge