**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH JANKOWSKI,<br><br>    Plaintiff,<br><br>        v.<br><br>FANELLI BROTHERS TRUCKING COMPANY, EARL McCARDLE, GARY POTTER, and DOMINICK FANELLI,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-13-2593<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Motion to Dismiss the Second Amended Complaint (Doc. 27) filed by Defendants Gary Potter ("Potter") and Dominick Fanelli ("Fanelli") (collectively, "Moving Defendants"). Plaintiff Joseph Jankowski ("Jankowski") commenced this action against his former employer, Fanelli Brothers Trucking Company ("Fanelli Brothers"), and three Fanelli Brothers employees, Potter, Fanelli, and Earl McCardle ("McCardle) (collectively, "Individual Defendants"), for violations of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. § 951 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. Jankowski also asserts claims against Fanelli Brothers under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. In their motion, Moving Defendants seek dismissal of the PHRA claims for failure to accommodate and unlawful retaliation on the basis that Jankowski failed to exhaust his administrative remedies. Because the facts as alleged in the Second Amended Complaint satisfy the exception to the exhaustion requirement established by the Third Circuit in *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1987) and *Schafer v. Board of Public Education*, 903 F.2d 243, 251 (3d Cir. 1990), the motion to dismiss will be denied.

**I. Background**

**A.    Factual Background**

The facts as set forth in the Second Amended Complaint are as follows:

Plaintiff Jankowsi was employed by Fanelli Brothers as a truck driver from December 10, 2010 until May 21, 2012. (*Second Am. Compl.*, ¶ 24.)  Defendant McCardle was the President of Fanelli Brothers. (*Id*. at ¶ 4.)  Fanelli was employed by Fanelli Brothers, and he served as Jankowski's supervisor. (*Id*. at ¶ 5.)  Potter was employed by Fanelli Brothers as Safety and Recruiting Director. (*Id*. at ¶ 6.)

During his employment with Fanelli Brothers as a truck driver, Jankowski's job duties included assignments that required overnight runs. (*Id*. at ¶ 25.)  As a result, Jankowski would sleep overnight in his assigned truck. (*Id*. at ¶ 28.)  The truck was owned by Fanelli Brothers but assigned exclusively for Jankowski's use. (*Id*. at ¶ 26.)

On or about May 1, 2012, Jankowski was diagnosed with sleep apnea, which caused him to suffer difficulty sleeping, breathing, remaining awake, working, and concentrating. (*Id*. at ¶¶ 29-30.)  Jankowski was prescribed a Continuous Positive Airway Pressure ("CPAP") machine to be used during sleep to treat his condition. (*Id*. at ¶ 31.)

The CPAP machine required electrical power to operate. (*Id*. at ¶ 33.) However, the truck assigned to Jankowski did not have working electrical power. (*Id*. at ¶ 34.)  The truck could have been fitted with an auxiliary power unit to produce electrical power for the CPAP machine for approximately $150.00. (*Id*. at ¶¶ 35, 43.)

On or about May 2, 2012, Jankowski informed Defendants Fanelli Brothers and Potter that he suffered from sleep apnea and that he had been prescribed a CPAP machine. (*Id*. at ¶ 36.)  That same day, he informed Defendants that he would need an auxiliary power unit in his assigned truck to power the CPAP machine. (*Id*. at ¶ 37.)  Once the CPAP machine was delivered to Jankowski, he again informed Defendants that he

needed an auxiliary power unit in his truck. (*Id*. at ¶ 39.)

Defendants refused to provide the auxiliary power unit. (*Id*. at ¶ 40.)  Instead, Defendant Fanelli informed Jankowski that he was responsible for purchasing his own auxiliary power unit. (*Id*. at ¶ 41.)

In or about March 2012, Jankowski informed Defendants that he was scheduled for hernia surgery in May 2012. (*Id*. at ¶ 49.)  He also informed Defendants that he would need time off after the surgery. (*Id*.)

On or about May 21, 2012, approximately one week before his scheduled hernia surgery, Fanelli terminated Jankowski's employment over the telephone. (*Id*. at ¶¶ 45, 51.)

Thereafter, on July 17, 2012, Jankowski, through counsel, sent two letters to Fanelli Brothers; a representation letter, (*Am. Compl.*, Ex. A), and a preservation letter, (*Am. Compl.*, Ex. B).  The representation letter was sent "FOR SETTLEMENT PURPOSES." (*Am. Compl.*, Ex. A.)  That letter represents that Jankowski's termination was in violation of the PHRA. (*Id*.)  The representation letter also states:

> Mr. Jankowski is not a litigious individual.  He wants simply to be treated in accordance with the law.  Accordingly, Mr. Jankowski will release Fanelli Brothers, Dominick Fanelli, Gary Potter, and any other employees and/or agents of Fanelli Brothers from liability if (1) he is reinstated to his former position with the same rate of pay, benefits, accrued vacation, and sick time, and other conditions of employment he had prior to his termination; (2) he is provided a truck with auxiliary power; and (3) he is paid in full for the financial losses suffered as a result of his termination.
>
> If Fanelli Brothers is interested in resolving this matter amicably, through reinstatement of Mr. Jankowski or otherwise, please have your representative contact me within the next fifteen days.

(*Id*.) The preservation letter informed Fanelli Brothers of potential litigation and advised that "Fanelli Brothers, its officers, agents, employees and assigns" had a duty to preserve information. (*Am. Compl.*, Ex. B.)

The representation and preservation letters were addressed to Fanelli Brothers. Yet, Jankowski contends upon information and belief that Defendants Potter, Fanelli, and

McCardle were informed of the possibility of litigation. (*Am. Compl.*, ¶ 18.) Jankowski further alleges upon information and belief that Individual Defendants read these letters and were aware of their potential liability before he filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id*. at ¶ 19.)

On August 2, 2012, McCardle responded to the July 17, 2012 letters. (*Am. Compl.*, Ex. C.) In his response, McCardle noted that based on "findings and discussions with both Dominic Fanelli and Gary Potter, the company acted in the same fashion regarding the purchase and installation of a power inverter for Mr. Jankowski as the company has in other similar cases." (*Id*.)

On September 21, 2012, Jankowski, through counsel, filed a Charge of Discrimination with the EEOC. (Doc. 27, Ex. A.)[1] Jankowski requested that his administrative complaint be dual-filed with the Pennsylvania Human Relations Commission. (*Id*. at ¶ 25.) The only named respondent to the Charge of Discrimination was Fanelli Brothers. (Doc. 27, Ex. A.) The Charge of Discrimination alleged that "Respondent" violated the PHRA and the ADA. (*Id*.) None of the Individual Defendants were named in the body of the Charge of Discrimination. (*Id*.) Nevertheless, in view of the representation and preservation letters, as well as McCardle's August 2, 2012 letter, Jankowski alleges upon information and belief that Potter, Fanelli, and McCardle had actual knowledge of his claims and their potential personal liability. (*Am. Compl.*, ¶¶ 21-23.)

---

[1] The Charge of Discrimination filed by Jankowski was not attached as an exhibit to the Second Amended Complaint. Rather, Moving Defendants, provided a copy of the Charge as an exhibit in support of their motion to dismiss. (Doc. 27, Ex. A.) "The court may consider the EEOC charge at the motion to dismiss phase because it is 'an undisputedly authentic document' which form the basis of Plaintiff's claims." *Gamble v. Cnty. of Erie*, No. 12-150, 2013 WL 5231470, at *3 n.3 (W.D. Pa. Sept. 16, 2013) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)); *see also Price v. Schwan's Home Serv., Inc.*, No. 05-220, 2006 WL 897721, at *3 (W.D. Pa. Apr. 3, 2006).

**B.     Procedural History**

Based on the foregoing, Jankowski commenced this action against Defendants Fanelli Brothers, Potter, Fanelli, and McCardle on October 18, 2013. Janikowski then filed an Amended Complaint on October 23, 2013. The Amended Complaint set forth the following claims against all Defendants: Failure to Accommodate in Violation of the ADA (Count I); Failure to Accommodate in Violation of the PHRA (Count II); Unlawful Retaliation in Violation of the ADA (Count III); Unlawful Retaliation in Violation of the PHRA (Count IV); Unlawful Interference with FMLA Rights (Count V); and Unlawful Retaliation in Violation of the FMLA (Count VI).

On December 20, 2013, Defendants Fanelli Brothers, Potter, and Fanelli filed a motion to dismiss and for a more definite statement. (Doc. 6.)[2] By Memorandum and Order dated February 24, 2014, the motion for a more definite statement was denied, while the motion to dismiss was granted and part and denied in part. *See Jankowski v. Fanelli Brothers Trucking Co.*, No. 13-2593, 2014 WL 690861 (M.D. Pa. Feb. 24, 2014). With respect to the motion to dismiss, Jankowski did not oppose the dismissal of the ADA claims against Individual Defendants, and, as such, those claims were dismissed with prejudice. *See id*. at *1 n.1. The motion to dismiss the PHRA claims against Potter and Fanelli was also granted because Jankowski did not include these Defendants in his EEOC Charge of Discrimination and he failed to sufficiently allege facts that satisfied the exception to the exhaustion requirement articulated by the Third Circuit in *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1987) and refined by the Third Circuit in *Schafer v. Board of Public Education*, 903 F.2d 243, 251 (3d Cir. 1990). *See Jankowski*, 2014 WL 690861, at *4-8.

---

[2]     Defendant McCardle is no longer employed by Fanelli Brothers, and he did not join Moving Defendants' motion. (Doc. 14, n.4.) Jankowski has been granted until June 16, 2014 to effect service upon McCardle. (Doc. 18.)

However, Jankowski was granted leave to amend those claims against Individual Defendants to allege facts satisfying the *Glus/Schafer* exception to the exhaustion requirement. *See id.* at *8. The motion to dismiss was denied in all other respects. *See id.* at *11.

Jankowski filed the Second Amended Complaint on February 28, 2014. (*Second Am. Compl.*) Potter and Fanelli filed the instant motion to dismiss (Doc. 27) and supporting brief (Doc. 29) on March 21, 2014. In particular, Potter and Fanelli seek dismissal of the PHRA claims on the basis that Jankowski failed to exhaust his administrative remedies. On April 4, 2014, Jankowski filed his brief in opposition to the motion to dismiss. (Doc. 33.) And, on April 15, 2014, Potter and Fanelli filed a reply brief in further support of their motion. (Doc. 34.) The motion to dismiss is now fully briefed and ripe for disposition.

## II. Discussion

### A.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.

Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196.  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.    The PHRA Claims Against Potter and Fanelli**

Jankowski asserts two claims under the PHRA against Potter and Fanelli.  Count II of the Second Amended Complaint sets forth a claim for failure to accommodate, while Count IV asserts a claim for unlawful retaliation. (*Second Am. Compl.*, Counts II & IV.)  The PHRA provides, in pertinent part, that "[t]he opportunity for an individual to obtain employment for which he is qualified, and to obtain all the accommodations, advantages, facilities and privileges of any public accommodation and of any housing accommodation and commercial property without discrimination because of . . . handicap or disability . . . is hereby recognized as and declared to be a civil right which shall be enforceable as set forth in this act." 43 Pa. Stat. Ann. § 953.

"Before filing suit under the PHRA, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination (also referred to as an administrative complaint) with the Pennsylvania Human Relations Commission ("PHRC") or EEOC." *Hills v. Borough of Colwyn*, - - - F. Supp. 2d - - -, 2013 WL 5655523, at *6 (E.D. Pa. Oct. 17,

2013) (citing *Kunwar v. Simco*, 135 F. Supp. 2d 649, 653 (E.D. Pa. 2001); 43 Pa. Stat. Ann. § 962). "The purpose of requiring an aggrieved party to resort first to the EEOC is twofold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation." *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1987) (citations omitted). Restated, "[t]he purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it 'the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.'" *Webb v. City of Phila.*, 562 F.3d 256, 262 (3d Cir. 2009) (quoting *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996)). Thus, "[w]hile the requirements of exhaustion 'are to be interpreted in a nontechnical fashion, the aggrieved party is not permitted to bypass the administrative process.'" *Spangler v. Moderne Glass Co.*, No. 06-1394, 2008 WL 919693, at *6 (W.D. Pa. Apr. 3, 2008) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)).

As such, where a plaintiff fails to name a defendant in his or her administrative charge he or she is generally precluded from later bringing an action against that defendant in court. *See Schafer v. Bd. of Pub. Educ.*, 903 F.2d 243, 251 (3d Cir. 1990). Nonetheless, the Third Circuit has set forth an exception to this rule, noting that the "jurisdictional requirements for bringing suit under Title VII should be liberally construed." *Glus*, 562 F.2d at 887-88. In *Glus*, the Third Circuit enumerated four factors relevant to determine whether a party not named in an administrative charge can nevertheless be named as a defendant in a subsequent civil action:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the

named party.

*Glus*, 562 F.2d at 888.³  This test, however, "is not a mechanical one; no single factor is decisive.  Instead each factor should be evaluated in light of the statutory purposes . . . and the interests of both parties."  *Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980), *vacated on other grounds*, 451 U.S. 935, 101 S. Ct. 2013, 68 L. Ed. 2d 321 (1981).  While the Third Circuit did "not suggest that where it can reasonably be expected full compliance will not be required," the *Glus* court further emphasized that:

> The goal of conciliation without resort to the already overburdened federal courts is of great importance and should not be lost.  However, equally important is the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance.  In our view the district court should evaluate the failure to name the party before the EEOC by consulting the four factors discussed *supra*.

*Glus*, 562 F.2d at 888.

The Third Circuit subsequently refined the *Glus* test in *Schafer*, where the court held that a case against an unnamed party may proceed "when the unnamed party received notice and when there is a shared commonality of interest with the named party."  *Schafer*, 903 F.2d at 252; *accord Dixon v. Phila. Hous. Auth.*, 43 F. Supp. 2d 543, 546 (E.D. Pa. 1999) (the *Schafer* "articulation of the exception is a shorthand version of the four-part test stated in *Glus*").

Here, it is undisputed that Potter and Fanelli were not named as respondents in the Charge of Discrimination.  Nevertheless, Jankowski contends that dismissal of the PHRA claims against Potter and Fanelli is not warranted in view of the exception set forth by the

---

³ These factors were set forth by the Third Circuit in analyzing a claim under Title VII. *See Glus*, 562 F.2d at 887-89.  Nevertheless, as noted by Judge Munley, it is appropriate to apply this test to the instant case "[b]ecause the PHRA is construed in a manner consistent to its federal counterparts." *Smoke v. Nat'l Electric Carbon Prods., Inc.*, No. 06-1157, 2007 WL 465574, at *3 (M.D. Pa. Feb. 9, 2007) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)).

Third Circuit in *Glus* and *Schafer*.

Moving Defendants oppose the application of *Glus* and *Schafer* to the facts of this case. First, Potter and Fanelli argue that *Glus* involved a plaintiff that was proceeding before the EEOC *pro* se. This case, they emphasize, does not involve a "*pro se* lay person, unskilled in the law, fil[ing] a complex EEOC charge." (Doc. 34, 5.) Rather this is a "straightforward employer/employee situation" filed by a plaintiff that was represented by counsel in the administrative proceedings. (*Id.*) Moving Defendants suggest that the *Glus* factors apply only when a plaintiff appears in the administrative proceeding *pro se*. I reject this contention. As this Court has previously stated, "courts should, under limited circumstances, consider commonality of interest analysis to permit suits against parties unnamed in the EEOC proceedings even where the plaintiff was represented when the EEOC complaint was filed." *Fuhrman v. Quill Corp.*, No. 09-841, 2010 WL 411698, at *5 (M.D. Pa. Jan. 27, 2010) (Conner, J.) (citing *Egelston v. State Coll. at Geneseo*, 535 F.2d 752, 754-55 (2d Cir. 1976)). This is consistent with *Glus*. While the court noted in *Glus* "that the exception helps those unrepresented by counsel avoid a technical stumbling block," the Third Circuit "did not limit the identity of interest exception to *pro se* litigants." *Turk v. Salisbury Behavioral Health, Inc.*, No. 09-6181, 2010 WL 1718268, at *3 (E.D. Pa. Apr. 27, 2010); *see also O'Donnell v. Michael's Family Rest., Inc.*, No. 07-5386, 2008 WL 2655565, at *3 (E.D. Pa. July 1, 2008) (declining to apply threshold requirement that the exception is available only to unrepresented plaintiffs); *Patton v. SEPTA*, No. 06-707, 2007 WL 219938, at *5 n.3 (E.D. Pa. Jan. 26, 2007) (declining to apply threshold requirement that plaintiff be unrepresented because "[t]he Circuit has never mentioned, let alone endorsed, this threshold requirement that the plaintiff be unrepresented when the administrative

complaint was filed.").[4]  Thus, as long as the *Glus/Schafer* test is satisfied, a PHRA claim may be brought against a party unnamed in the administrative complaint. *See Turk*, 2010 WL 1718268, at *3 (holding the same with respect to claims under the ADEA).  Moreover, Moving Defendants' contention that the *Glus* factors need not be considered in this case, (Doc. 34, 5), is unconvincing in view of the Third Circuit's instruction that a "district court should evaluate the failure to name the party before the EEOC by consulting the four factors." *Glus*, 562 F.2d at 888.

Next, Moving Defendants argue that "numerous other courts have found that the *Glus* [sic] primarily applies when a party fails to name an individual as a defendant in the caption, but yet names the individual defendants within the body of the charging document." (Doc. 34, 6.)  Moving Defendants also emphasize that "various courts within the Third Circuit have dismissed individual defendants from cases when those individuals were not named within the EEOC charge, or when there was no notice to these individuals as to their potential liability being alleged by the plaintiff." (*Id*.)  Here, because it is undisputed that neither Potter nor Fanelli were named in the body of the Charge of Discrimination, (Doc. 27, Ex. A; Doc. 33, 5), they assert that the PHRA claims should be dismissed.

As recently stated by the United States District Court for the Eastern District of Pennsylvania:

> Multiple district courts in the Eastern District of Pennsylvania have . . . considered the "notice" element of the *Schafer* exception, and concluded that when a plaintiff fails to name individual defendants in the body of the EEOC

---

[4]  Some district courts in the Third Circuit have concluded that the *Glus* exception applies only to a plaintiff who was not represented by counsel at the time the administrative complaint was filed. *See, e.g., Fordham v. Agusta Westland N.V.,* No. 06-3915, 2007 WL 136329, at *3 (E.D. Pa. Jan. 11, 2007); *Christaldi-Smith v. JDJ, Inc.*, 367 F. Supp. 2d 756, 763 n.3 (E.D. Pa. 2005); *Cronin v. Martindale Andres & Co*, 159 F. Supp. 2d 1, 9 (E.D. Pa. 2001).  Like the *Turk* court, and for the reasons set forth in the text, I decline to follow those rulings. *See Turk*, 2010 WL 1718268, at *3.

> complaint, these defendants have not been put on notice that they could be sued in their *individual* capacities- even when they were aware of the complaint's existence.

*Hills*, - - - F. Supp. 2d - - -, 2013 WL 5655523, at *8 (emphasis in original) (citing *Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 464 (E.D. Pa. 2013); *DuPont v. Slippery Rock Univ. of Pennsylvania*, No. 11-1435, 2012 WL 94548, at *4 (W.D. Pa. Jan 11, 2012); *Lightcap-Steele v. KidsPeace Hosp., Inc.*, No. 05-02578, 2006 WL 1147476, at *6 n.6 (E.D. Pa. Apr. 27, 2006); *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 399 (E.D. Pa. 2002)). However, other courts in this Circuit have allowed a plaintiff to proceed with his or her claim despite failing to name a defendant as a respondent or in the body of the administrative complaint so long as the *Glus/Schafer* exception is satisfied. *See, e.g., Lowenstein v. Catholic Health East*, 820 F. Supp. 2d 639, 642 (E.D. Pa. 2011); *Diep v. Southwark Metal Mfg. Co.*, No. 00-6136, 2001 WL 283146, at *4 (E.D. Pa. Mar. 19, 2001); *Glickstein v. Neshaminy Sch. Dist.*, No. 96-6236, 1999 WL 58578, at *6 (E.D. Pa. Jan. 26, 1999) ("The PHRC charge did not mention Defendants Wyatt or Bowman. . . . Glickstein . . . alleges that Defendants Wyatt and Bowman- who she says were among those who attended the PHRC conference- had notice of all claims set forth in the PHRC complaint. Drawing all inferences in her favor, the Court finds that Glickstein should be permitted to prove that these Defendants were sufficiently involved in the PHRC conciliation proceedings to make their inclusion in the administrative charge unnecessary.").

Potter and Fanelli urge the application of the reasoning of those courts cited by *Hills*, namely, *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393 (E.D. Pa. 2002). According to Moving Defendants, the facts and circumstances of *McInerney* are "virtually identical" to the instant action. (Doc. 34, 7.) Thus, Moving Defendants suggest that this reasoning be adopted and Jankowski's PHRA claims be dismissed.

In *McInerney*, the plaintiff filed a complaint naming her former employer, as well as

13

the former employer's chief executive officer/owner, two co-managers, and a back-up manager as defendants. *See McInerney*, 244 F. Supp. 2d at 396. The plaintiff asserted a number of causes of action in the complaint, including claims for violations of the ADA, the FMLA, and the PHRA. *See id*. at 397. In the plaintiff's administrative complaint with the EEOC, she named only her former employer as a respondent. *See id*. at 398. The four individual defendants thus moved for dismissal of the PHRA claims because they were not named as respondents in the administrative complaint. *See id*.

   The motion to dismiss the PHRA claims was granted in part and denied in part. According to the *McInerney* court, "[a] plaintiff's claims are preserved as long as she names the defendants in the body of the EEO administrative complaint because it provides the defendants with the requisite notice that their conduct is under formal review. It is not necessary that the defendants be named in the caption as a respondent." *Id*. at 398-99 (citations omitted). Applying that reasoning, the motion to dismiss the PHRA claims against the two co-managers and the back-up manager was denied because they were named in the body of the EEOC filing. *See id*. at 399. But, as to the executive officer/owner, the administrative complaint was devoid of allegations that the plaintiff sought to charge him in his individual capacity. *See id*. Unlike the two co-managers and the back-up manager, the executive officer/owner was "not named anywhere in the administrative complaints, and there [were] no allegations therein that his personal conduct contravened the law." *Id*. The district court noted that "[a]s the owner of MLH and Hardware, Defendant Moyer certainly had notice that his company was under investigation for discriminatory conduct. As such, he surely recognized that he may be subject to suit in his official capacity as owner of the business." *Id.* at 399. But, because he was not named anywhere in the EEOC filing, "Defendant Moyer could not have had any notice that he would be subject to suit in his individual capacity." *Id*. The district court therefore dismissed the PHRA claims against the

14

executive officer/owner. *See id*.

Based on the allegations in the Second Amended Complaint, and accepting as true all the facts set forth therein, *McInerney* is inapposite to the matter *sub judice*. As the district court's reasoning indicates, there is nothing in *McInerney* that suggests that the executive officer/owner was on notice that he was personally subject to suit. Here, however, Jankowski alleges that he informed Potter and Fanelli *prior* to the commencement of the administrative action of their potential liability for purported violations of the FMLA, ADA, and PHRA. (*Second Am. Compl.*, ¶¶ 18-19, 22-23.) And, this allegation is supported by the representation letter Jankowski sent to Fanelli Brothers on July 17, 2012. While Moving Defendants argue that there is no basis to conclude that they received that letter because it was addressed to their employer and not them individually, for purposes of the motion to dismiss, I must accept as true Jankowski's allegations that they in fact read the letter before the EEOC action was commenced. Moreover, the allegation that Potter and Fanelli were informed of the representation letter and their potential liability for discrimination is supported by statements in McCardle's letter dated August 2, 2012. (*Second Am. Compl.*, Ex. C.) Accordingly, *McInerney* is factual distinct from this action, and the disposition of the PHRA claims against Potter and Fanelli is not controlled by the fact that Jankowski did not name these Defendants as respondents to the administrative action or identify them in the body of the Charge of Discrimination. Rather, whether Jankowski can proceed on the PHRA claims against Moving Defendants is governed by the factors set forth by the Third Circuit in *Schafer* and *Glus*.

Under the exception as articulated in *Schafer*, the Second Amended Complaint contains sufficient factual allegations that Moving Defendants had notice and shared a commonality of interest with Fanelli Brothers to allow Jankwoski to proceed with his PHRA claims against Potter and Fanelli. With respect to the notice requirement, Jankowski, as

15

explained above, alleges that Moving Defendants had actual knowledge that they were subject to claims of discrimination by way of the representation and preservation letters which were sent prior to the commencement of the administrative action. Moreover, Jankowski adequately alleges a shared commonality of interests between the unnamed individual Defendants and Fanelli Brothers. *See, e.g., Lowenstein v. Catholic Health East*, 820 F. Supp. 2d 639, 646 (E.D. Pa. 2011) ("Since SMMC can be held liable for its employees' discriminatory conduct, SMMC and Shanks shared a common interest in defending against plaintiff's allegations."). Thus, based on the facts as alleged in the Second Amended Complaint, the *Schafer* formulation of the exception favors permitting Jankowski to proceed with the PHRA claims.

Likewise, on the present state of the record, the *Glus* factors favor Jankowski. The first factor, whether the role of the unnamed party was ascertainable at the time of the filing of the Charge of Discrimination, weighs in favor of Moving Defendants. The remaining factors, however, are satisfied at this stage in the proceeding. As to the second factor, as previously described, Fanelli Brothers and Moving Defendants had similar interests in defending against Jankowski's claims. And, with regard to prejudice, Moving Defendants have not articulated any prejudice they suffered from not being included in the EEOC proceedings. Indeed, in view of Jankowski's efforts to resolve this dispute with Potter and Fanelli informally before an administrative complaint was filed, it does not appear as though they were actually prejudiced by not being included in the Charge of Discrimination filed by Jankowski with the EEOC. As to the final factor, it is unclear at this time whether Jankowski was expected to communicate only through Fanelli Brothers. Because the majority of the *Glus*/*Schafer* factors favor Jankowksi, he will be permitted to proceed with the PHRA claims

at this point in the litigation.[5]

### III. Conclusion

For the above stated reasons, Defendants Potter and Fanelli's motion to dismiss will be denied.

An appropriate order follows.

April 22, 2014  /s/ A. Richard Caputo
Date             A. Richard Caputo
                 United States District Judge

---

[5]   Moving Defendants may, however, raise the issue of failure to exhaust, *i.e.*, that the *Glus*/*Schafer* factors are not met in this case, on a more developed factual record after the parties have the opportunity to engage in discovery.